IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 07-00374-01-CR-W-NKL |
| CHARLES L. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On February 4, 2008, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On November 13, 2007, an indictment was returned charging defendant with one count of carjacking, in violation of 18 U.S.C. § 2119; one count of using a firearm in relation in a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on February 4, 2008. Defendant was present, represented by Kelly Connor-Wilson. The government was represented by Assistant United States Attorney David Barnes. The proceedings were recorded and a transcript of the hearing was filed on February 6, 2008.

## II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury voir dire falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in voir dire, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of de novo review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are

2

substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's de novo review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

## III.   FINDINGS OF FACT

1. On November 13, 2007, an indictment was returned charging defendant with one count of carjacking, in violation of 18 U.S.C. § 2119; and one count of using a firearm in relation in a crime of violence, in violation of 18 U.S.C. § 924(c).

2. The statutory penalty for these offenses is not more than 15 years in prison, not more than $250,000 fine, not more than three years supervised release, a $100 special assessment, and the possibility of restitution to the victim on count one, and not less than seven years in prison and not more than life in prison, not more that $250,000 fine, a $100 special assessment, and potential restitution to the victim on count two (Tr. at 4-5).

3

3.      Defendant was advised of the following:

   a.      That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

   b.      That he has the right to assistance of counsel throughout the trial (Tr. at 5-6);

   c.      That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 6);

   d.      That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 6-7);

   e.      That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 7);

   f.      That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 7-8); and

   g.      That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8).

4.      Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 8-9).

5.      Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 9). Defendant stated that he understood (Tr. at 9).

6. Defense counsel had full access to the government's file and agreed that her review of the evidence and her independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 9-10).

7. The government made the following factual basis for the plea to the information: On November 6, 2007, at approximately 5:30 p.m., in Independence, Missouri, in the Western District of Missouri, a witness flagged down an officer and reported that his sibling's car had just been carjacked out of a nearby car wash. Officers located the vehicle in the 9600 block of East Ninth Street in Kansas City. A chase ensued, and defendant was ultimately arrested after he fled the vehicle. The vehicle was a 1991 Chevrolet Camaro manufactured in the State of California. A loaded Walther .380 semi-automatic pistol was recovered. A piece of high school jewelry that had been taken from Juvenile A.T. during the carjacking was recovered from defendant. The carjacking occurred while defendant pointed the gun at A.T., demanded his jewelry, and then told A.T. to run from the scene or he would be shot (Tr. at 10-13).

8. Defendant was placed under oath (Tr. at 14) and admitted the following: On November 6, 2007, in Independence, Missouri, defendant took a 1991 Camaro from another person, he used a gun to do that, he knew it was against the law, and he intended to commit that crime (Tr. at 15). He used a firearm to make sure the victim would turn over the car (Tr. at 15). In his own words:

> I ran up to him and, I mean -- I pulled a gun on a dude, and took his car. And I mean, I'm guilty of it, you know.

(Tr. at 16).

9. Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 16-22). The government has agreed to dismiss count three at sentencing (Tr. at 13).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 22-23).

11. Defendant is satisfied with the advice and guidance he has received from Ms. Connor-Wilson (Tr. at 23). There is nothing he wanted Ms. Connor-Wilson to do that Ms. Connor-Wilson has not done, and there is nothing Ms. Connor-Wilson has done that he did not want Ms. Connor-Wilson to do (Tr. at 23).

12. Defendant is 23 years of age. He has a high school education and some college. Defendant has no mental health or substance abuse issues. Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 23-24).

13. Defendant tendered a plea of guilty to the crimes charged in count one and count two of the indictment (Tr. at 25).

14. A Pre-Sentence Investigation Report was ordered (Tr. at 25).

## IV. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for carjacking, in violation of 18 U.S.C. § 2119, are:

One, the defendant, took a 1991 Chevrolet Camaro from the person of another;

Two, the defendant did so by means of force and violence or intimidation;

Three, the 1991 Chevrolet Camaro had been transported in interstate commerce;

6

Four, at or during the time the defendant took the 1991 Chevrolet Camaro, he intended to cause death or serious bodily injury.

Eighth Circuit Model Criminal Jury Instruction No. 6.18.2119A.

The elements necessary to sustain a conviction for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), are:

One, the defendant committed the crime of carjacking; and

Two, the defendant knowingly used and carried a firearm in furtherance of that crime; and

Three, the firearm was a Walther .380 caliber pistol.

Eighth Circuit Model Criminal Jury Instruction No. 6.18.924C.

V. **CONCLUSION**

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crimes charged in counts one and two of the indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offenses charged in counts one and two of the indictment. It is

ORDERED that the parties file any objections to this Report and Recommendation by February 12, 2008.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
February 11, 2008